**6**

Timothy C. Springer, Esq. #207229
Nancy D. Klepac, Esq. 253896
LAW OFFICES OF TIMOTHY C. SPRINGER
4905 N. West, Suite 102
Fresno, CA 93705
Telephone: (559) 225-3622
Facsimile: (559) 225-3459

Attorney for Debtor(s),
HOUA YANG

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### FRESNO DIVISION

| | |
|---|---|
| HOUA YANG<br><br>        Debtor<br>_____<br>HOUA YANG<br>        Debtor/Plaintiff<br>      v.<br>CKS PRIME INVESTMENTS, LLC.<br>VELOCITY PORTFOLIO GROUP, INC.<br>JACK KLEINERT, CEO<br>        Creditor and Defendant(s) | Case No. 24-12861-A-7<br><br>Adv. Pro. No.:<br><br><br>COMPLAINT TO SET ASIDE PREFERENCE AND FOR VIOLATION OF 11 U.S.C. 362 |

1) A case was commenced by Plaintiff/Debtor Houa Yang by filing a voluntary petition under Chapter 7 of the Bankruptcy Code on September 30, 2024, Case No. 24-12861.

2) This Complaint is filed, pursuant to 11 U.S.C. §522(h), to set aside a transfer of the Debtor's exempt property to Defendant, CKS PRIME INVESTMENTS, LLC.

3) This Court has jurisdiction under 18 U.S.C. §1334. This is a core proceeding.

1

**COMPLAINT TO SET ASIDE PREFERENCE**

4) An order for relief was entered in this case on September 30, 2024, pursuant to 11 U.S.C. 301, thus triggering an automatic stay pursuant to 11 U.S.C. 362(a) of all debt collection against Plaintiff/Debtor(s).

5) Creditor/Defendant CKS PRIME INVESTMENTS, LLC. is on information and belief a wholly owned subsidiary of Defendant VELOCITY PORTFOLIO GROUP, INC. in the business of "collections".

6) Creditor/Defendant JACK KLEINERT is on information and belief the CEO of VELOCITY PORTFOLIO GROUP, INC.

7) Creditor/Defendant CKS PRIME INVESTMENTS, LLC was named in Schedule F-4.2 of the Petition as a creditor without security or priority. A copy of the relevant page(s) of Schedule F are filed herewith as **EXHIBIT A**

8) On dates less than ninety days prior to the commencement of this case, Creditor/Defendant CKS PRIME INVESTMENTS, LLC through their Counsel, Mandarich Law Group, LLP, caused to be attached from Debtor's wages an amount totaling $ 2,431.66.

9) The aggregate *pre-Petition* amounts taken are evidenced by Plaintiff/Debtor's pay stubs, and were:

| Date | Amount | Exhibit |
|---|---|---|
| July 3, 2024 | $411.28 | EXHIBIT B |
| July 17, 2024 | $360.56 | EXHIBIT C |
| July 31, 2024 | $222.38 | EXHIBIT D |
| August 14, 2024 | $444.62 | EXHIBIT E |
| August 28, 2024 | $338.53 | EXHIBIT F |
| September 11, 2024 | $352.12 | EXHIBIT G |

**COMPLAINT TO SET ASIDE PREFERENCE**

September 25, 2024     <u>$302.17</u>     EXHIBIT H

**Total:**     **$2,431.66**

10) This seizure was for payment of an antecedent debt to Defendant(s).

11) The Plaintiff/Debtor exempted the funds taken in this case had they been recovered by the trustee as a preference under 11 U.S.C §547.

12) The Trustee has not attempted to avoid this transfer.

13) The transfer to the Defendant(s) on account of the antecedent debt to it, while debtor was insolvent, enabled Defendant(s) to receive more than it would have received if the transfer had not been made, because the Defendant(s) would have received no dividend in the Debtor's Bankruptcy case.

14) On October 1, 2024 Debtor's Counsel attempted to send notice to the Sacramento Sheriff of the filing for relief. However, the Sheriff's fax machine was out of order. As a result Notice was mailed to the Sheriff, as well as Defendant's Counsel, Mandarich Law Group, LLP. A true copy of this Notice is attached as EXHIBIT I.

15) On October 1, 2024 Debtor's Counsel also faxed the notice to Defendant's Counsel, Mandarich Law Group, LLP at 818-888-1260 and received confirmation it was received. A true copy of the Fax Confirmation is filed herewith as EXHIBIT J

16) On or about October 4, 2024 the Bankruptcy Court's, "Bankruptcy Noticing Center" caused to be sent a "Notice of Chapter 7 Bankruptcy Case" to Defendant(s). This notice contains warnings of possible consequences if creditor's attempt to collect in violation of the

Automatic Stay, under Bankruptcy Code §362. A true copy of the notice sent is attached as EXHIBIT K.

17) On or about October 9, 2024, Defendant(s) purposefully, and willfully violated the Automatic Stay herein alleged, (after notice as stated above), by causing to be garnished from Plaintiff/Debtor's paycheck 25% of her disposable earnings, amounting to $290.29. This amount was in excess of the 20% allowed by California State Law, pursuant to Defendant(s) Earnings Withholding Order while the automatic stay pursuant to 11 U.S.C. 362(a) was in effect. A true copy of the October 9, 2024 Pay Stub is filed herewith as EXHIBIT L.

18) When contacted on October 10, 2024 the Sacramento Sheriff stated they had not received any notice from Defendants to stop the garnishment.

19) At no time did any agent or employee of Defendant(s) communicate, or attempt to communicate with the Plaintiff/Debtor(s) undersigned counsel, although the Defendant(s) knew, or had reason to know, that the Plaintiff/Debtor(s) was represented by him as an attorney in the above Bankruptcy case, and the Defendant(s) knew or could reasonably ascertain the address, or phone number of the attorney.

20) Defendant(s)' violation has exacerbated an already difficult situation.

21) Plaintiff/Debtor has been harmed by the actions of the Defendant(s) in an amount to be proven at the time of trial, including but not limited to, sleepless nights, and stress. Further the unlawful garnishment makes it difficult to pay ongoing personal living expenses.

22) As a direct and proximate result of Defendant(s)' willful and wrongful actions Plaintiff/Debtor has suffered emotional and mental distress and pain and suffering, including apprehension, anxiety, fear, nervousness, trepidation, uneasiness, concern, worry, dread,

4

**COMPLAINT TO SET ASIDE PREFERENCE**

tension, all of which have resulted in the disruption of Plaintiff/Debtors' life and the peace and her mental tranquility.

23) Plaintiff/Debtor was already experiencing a great deal of financial stress and worries which caused her to seek relief in Bankruptcy. Due to the continued garnishment, Plaintiff/Debtor was scared, humiliated and emotionally distraught. She felt like there was nothing she could do to keep Defendant(s) from hounding her. Plaintiff/Debtor believed that she had obtained some measure of relief by filing the bankruptcy petition; however, the continued garnishment after filing her case with the Bankruptcy Court, caused Plaintiff/Debtor to fear that there was nothing he could do to prevent Defendant(s) from hounding her for this debt.

Wherefore, Plaintiff/Debtor prays for judgment against the Defendant(s):

    (a) Ordering Defendant to return the $2,431.66 obtained by Defendant during the preference period;

    (b) Declaring the Defendant(s) guilty of civil contempt for violating the automatic stay on October 9, 2024, in wrongfully and willfully seeking to collect the debt after proper notice of the Order for Relief.

    (c) Ordering Defendant to return the $290.29 obtained by Defendant in violation of the Automatic Stay on October 9, 2024, and further in excess of the amount they were allowed to take.

    (d) Awarding the Plaintiff/Debtor for the stress Defendant(s) actions have caused.

    (e) Awarding the Plaintiff/Debtor compensatory and punitive damages in an amount to be proven at trial, as described above, including compensation for emotional damages as described above in an amount to be proven at the time

**COMPLAINT TO SET ASIDE PREFERENCE**

of trial plus attorney fees and costs pursuant to 11 U.S.C §362(h), and for contempt of Court.

   (f) Granting such additional relief as the Court deems necessary or proper.

Date: October 25, 2024

By: Timothy C Springer

Attorneys for Debtor / Plaintiff

**COMPLAINT TO SET ASIDE PREFERENCE**